UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22701-CIV-UNGARO-BENAGES/O'SULLIVAN

DIMENSION LEASING, INC.,

    Plaintiff,

v.

VARIETY CHILDREN'S HOSPITAL d/b/a
MIAMI CHILDREN'S HOSPITAL,

    Defendant.
_____/

## ORDER

THIS MATTER comes before the Court on the Defendant's Motion for Sanctions (DE # 256, 5/8/07). Having reviewed the motion and applicable law, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Sanctions (DE # 256, 5/8/07) is **DENIED**. The undersigned finds that the filing of an excerpt from the transcript of the evidentiary hearing before the Court on September 13, 2006, was harmless and did not result in any prejudice to the defendant.

## BACKGROUND

On September 13, 2006, the undersigned conducted an evidentiary hearing on the plaintiff's Motion to Compel Production of Documents and for Sanctions. (DE# 83) The plaintiff's motion to compel sought witness statements and other materials generated by an internal confidential investigation conducted by the defendant of the defendant's former CFO, David Carroll. To determine whether the defendant's invocation of the attorney-client and work product privileges applied, the undersigned closed the courtroom and heard testimony from the defendant's general counsel, Kimarie Stratos. The undersigned orally ordered the parties and their counsel to treat

the testimony of Ms. Stratos confidentially, and the defendant expressly agreed to treat the testimony confidentially. After hearing the testimony of Ms. Stratos, the undersigned determined that the internal investigation was conducted in anticipation of litigation and that the work product from the internal investigation was privileged. (Order, DE# 115, 9/13/06).

The defendant filed pages 39 through 43 of the Hearing transcript as Exhibit A to the plaintiff's Motion *in Limine* to Preclude Any Argument, Testimony or Other Evidence regarding the Existence or Any Aspect of Defendant's Confidential Internal Investigation. (DE# 211-2)

In the Defendant's Motion for Sanctions, the defendant asks this Court to strike Exhibit A from the plaintiff's Motion in Limine. The defendant also seeks to strike the plaintiff's damages for the holdover rents it claims due and owing under the 15 lease schedules to which Mr. Carroll signed the $1.00 buyout agreements (i.e., Lease Schedules 6-20). Alternatively, the defendant seeks to have this Court prohibit the plaintiff from proffering any evidence from Mr. Carroll, denying the validity or applicability of the $1.00 buyout agreements or that it was not the Hospital's or Citicorp's intention to execute the buyout agreements.[1] Additionally, the defendant requests to have this Court sanction the plaintiff by requiring the plaintiff to disclose to the defendant the identity of all persons to whom the plaintiff has communicated any matter concerning the defendant's confidential investigation or Ms. Stratos' confidential

---

[1] Due to the Court's May 30, 3007 Order (DE# 262), these requested sanctions have become moot. The only remaining requested sanction is to require the plaintiff to provide the defendant with information regarding the dissemination of confidential information.

testimony and all communications with Mr. Carroll since the filing of the instant case, irrespective of their subject matter, so that the Court and the defendant can determine the extent to which the plaintiff has disseminated confidential matters of the defendant. (DE# 256, 5/8/07, Mot. for Sanctions at 8-10).

## ANALYSIS

The court's inherent power grants the authority to impose sanctions for failure to obey a court order. See Goforth v. Owens, 766 F.2d 1533 (11th Cir. 1985) (citation omitted). "To exercise its inherent power a court must find that the party acted in bad faith." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1336 (11th Cir. 2002). The Supreme Court has held that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." See Chambers v. NASCO, 501 U.S. 32, 44 (1991) (citation omitted). "A primary aspect of that discretion is the ability to fashion an appropriate sanction...." Id. at 44-45; Martin, 307 F.3d at 1337; see Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006)("[T]he sanction imposed should fit the interests jeopardized and the harm caused by the violation.")  Rule 41(b) also authorizes dismissal of an action or of any claim against the defendant for the plaintiff's failure to comply with any order of the court.

Although the plaintiff's filing of the excerpt of the hearing transcript constitutes a violation of the Court's *ore tenus* Order, it did not contain any confidential testimony of Ms. Stratos. Rather, the excerpt of the hearing transcript contained information that was disclosed previously in the defendant's Court filings as well as the investigation of the case during discovery depositions. The defendant argues that the plaintiff should have referenced the record rather than using the excerpt of the hearing transcript.

  The defendant requests that the plaintiff be required to disclose the identity of all persons to whom the plaintiff has communicated any matter concerning the defendant's confidential investigation or Ms. Stratos' confidential testimony and all communications with Mr. Carroll since the commencement of this action, irrespective of their subject matter, so the Court and the defendant can determine the extent to which the plaintiff has disseminated confidential materials of the defendant.  The defendant is attempting to bootstrap the disclosure of the hearing transcript by the plaintiff to allow the defendant to investigate any disclosure of confidential information to Mr. Carroll, without any presentation of evidence of any other violation.  The sanction requested is not related to the complaint of harm.  The defendant has failed to present evidence to the Court that the defendant has disclosed any confidential information directly to Mr. Carroll.  The defendant's request to conduct discovery on the issue of the plaintiff's communication with third parties regarding its internal investigation or Ms. Stratos' confidential testimony is DENIED.

  DONE AND ORDERED, in Chambers, at Miami, Florida, this **22nd** day of June, 2007.

                  _____
                  JOHN J. O'SULLIVAN
                  UNITED STATES MAGISTRATE JUDGE

Copies provided to:
U.S. District Judge Ungaro-Benages
All counsel of record